Zhuo Di CHEN;  Qin Chen,
Petitioners–Appellants,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 99–71441.
I&NS Nos. A75–247–197, A76–279–174.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided June 27, 2001.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

## MEMORANDUM *

Zhuo Di Chen and his son Qin Chen, natives and citizens of the People's Republic of China, petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum and withholding of deportation by an Immigration Judge ("IJ"). Qin Chen's application is derivative of his father's, so we address only Zhuo Di Chen's application. We have jurisdiction pursuant to 8 U.S.C.

§ 1252(b). Because the BIA committed legal error by insisting on corroboration of Chen's credible testimony, we vacate its decision and remand for a determination of the applications under the correct legal standard.

In support of his claim for asylum and withholding of removal, Chen testified at the merits hearing, attached an affidavit to his asylum application, and submitted a pre-hearing statement of position. He stated that, in October 1990, he was unwittingly responsible for allowing a reporter to visit a prisoner in the government security compound where he had worked for thirteen years in Fuzhou City, Fujian Province. He was questioned two weeks later by the security director, who told him that a Hong Kong newspaper reporter had written an article disclosing that illegal jails existed within the security compound, and that students who participated in the "June 4" protests in 1989, and pregnant women and their parents, were being held there illegally and beaten. The security director showed Chen the newspaper article, and told him that superior leaders were searching for the person who had leaked this classified information.

After his meeting with the security director, Chen feared that he would be exposed as the leak. He believed he was in danger, especially in light of an earlier incident where he had written to his superiors to complain about inhumane treatment of pregnant women and their families, an act for which he was eventually reprimanded and suspended from work. He immediately went into hiding in China for several years, and eventually escaped to Saipan and later to Guam, where he applied for asylum. Both the IJ and the BIA determined that Chen failed to estab-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

lish his eligibility for asylum and withholding of removal.

■ The BIA conducted a de novo review of Chen's claim for relief, so we limit our own review to the BIA's decision. *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). We review for substantial evidence the factual findings underlying the BIA's denial of Chen's claim for asylum and withholding of removal, and will uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review de novo purely legal questions regarding the INA. *Ladha v. INS,* 215 F.3d 889, 896 (9th Cir.2000).

■ Chen contends that he qualifies for asylum because he has a well-founded fear of persecution on account of his imputed political opinion. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a); *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). To qualify, Chen must show that he genuinely fears persecution if returned to China, and that his fear is objectively reasonable. *Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). The objective component may be satisfied with "credible, direct, and specific evidence." *Id.* This requirement may be met "either through the production of specific documentary evidence or by credible and persuasive testimony." *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999). In addition, Chen must show that his persecutors have imputed to him a political opinion, and that his persecution will be because of this imputed political opinion. *Sangha,* 103 F.3d at 1487.

■ Chen contends that the BIA applied an incorrect legal standard by requiring that, in addition to his testimony, he produce the Hong Kong newspaper article in order to establish his asylum claim.

We agree. "It is well established in this circuit that the BIA may not require independent corroborative evidence from an asylum applicant who testifies credibly in support of his application." *Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000); *accord Ladha,* 215 F.3d at 901. This is not to say that lack of corroborative testimony may never be held against the applicant; it may adversely affect the BIA's assessment of the applicant's credibility. *See Sidhu v. INS,* 220 F.3d 1085, 1090 n. 2, 1092 (9th Cir.2000); *Mejia–Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997). We must accept the applicant's testimony as true, however, unless the adverse credibility finding is explicit. *Kataria,* 232 F.3d at 1113; *Shoafera v. INS,* 228 F.3d 1070, 1075 (9th Cir.2000).

■ Here, the BIA required corroborating evidence after having found Chen credible, or at least without explicitly having found him to be not credible. Although the BIA noted that it agreed with the IJ's assessment that Chen "did not provide through his testimony a sufficiently detailed and believable account of the basis of his fear to meet his burden of proof solely on his testimony," the BIA did not expressly find Chen's testimony to be not credible. Indeed, the IJ stated that, "based upon respondent's demeanor and finding there is sufficient consistency between his written statement and testimony, the Court does not have reason to doubt that he could have unknowingly allowed a journalist into a jail facility." The BIA did not assert a different view. The INS even conceded at oral argument before us that Chen was found "basically credible." The BIA explicitly tied the lack of corroborative evidence directly to whether Chen met his burden of proof, calling the newspaper article "the primary and paramount piece of evidence" needed to establish Chen's claim. In sum, be-

cause the BIA neither made nor adopted an explicit adverse credibility finding with respect to Chen, it committed legal error when it made the lack of corroborative evidence central to its determination that Chen's credible testimony did not meet his burden of proof. *Ladha,* 215 F.3d at 898–99.

 Assuming Chen's testimony to be true, as we must, we nonetheless find that the record does not compel the conclusion that Chen established his eligibility for asylum. Chen's evidence requires that inferences be made in his favor with regard to such questions as whether the threat was directed at him and whether imputed political opinion was the ground. Although arguably those inferences may be reasonably drawn from the evidence presented, they are not compelled by it. Accordingly, we decline at this time to find the petitioner eligible for asylum.

The same conclusion follows more strongly with regard to Chen's application for withholding of removal, which requires a more stringent clear-probability standard. *Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991) (discussing withholding of deportation under INA § 243(h), predecessor to § 241(b)(3), 8 U.S.C. § 1231(b)(3)). Because the evidence does not compel a finding of eligibility for asylum, it necessarily does not compel a finding that Chen is entitled to withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). On the other hand, we cannot say that, if all inferences were made in Chen's favor, he could not establish such an entitlement.

The fact that the evidence does not compel a ruling in Chen's favor, however, does not preclude us from vacating the BIA's

decision and remanding for further consideration under the correct legal standard. *See Kotasz v. INS,* 31 F.3d 847, 851 (9th Cir.1994). We accordingly grant the petition for review, vacate the BIA's decision, and remand for consideration of Chen's applications for asylum and withholding of removal under the correct legal standard.

PETITION FOR REVIEW GRANTED; DECISION VACATED AND REMANDED.